IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CR-19-248-D ) |
| DAMON COLCLASURE, | ) ) |
| Defendant. | ) ) |

## **O R D E R**

Before the Court is Defendant's *pro se* request for early termination of supervised release [Doc. No. 1302] pursuant to 18 U.S.C. § 3583(e)(1). Defendant asks to be relieved from serving the remaining 13 months of a three-year term of supervised release. In support of this request, Defendant states that he has successfully overcome the substance abuse addiction that led to his criminal conduct and is a contributing member of society. He also states that the restrictions of continued supervision are impacting his family relationships and his ability to relocate to Texas and unite with his fiance.

The government has responded by providing additional information obtained from Defendant's supervising probation officer, who has given positive reports of Defendant's overall compliance, stable employment, and effective communication. *See* Resp. Br. [Doc. No. 1305] at 2-3. Following the Court's direction to supplement its response, the government also states that the Probation Office supports Defendant's request. However, the government opposes it. The government states that, despite Defendant's positive changes and progress toward rehabilitation, the serious nature and circumstances of his offense warrant the completion of his existing sentence. In the government's view,

Defendant also has not presented a sufficient reason to terminate his supervised release, given that he could request a transfer of supervision to Texas to ameliorate the adverse effects of his restrictions.

Upon consideration of Defendant's request and the circumstances presented, the Court finds pursuant to 18 U.S.C. § 3583(e)(1) that the relief sought by Defendant should be granted. Upon consideration of the appropriate factors set forth in 18 U.S.C. § 3553(a) based on the facts presented by Defendant and the government's response, the Court is satisfied that the termination of Defendant's term of supervised release is warranted by his conduct and the interest of justice. *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) ("Section 3583(e)(1) gives the sentencing court exclusive authority" to grant relief as a matter of sentencing discretion). The Court simply disagrees with the government's position that another 13 months of supervision is needed to provide an appropriate sentence for Defendant's offense of conviction.

**IT IS THEREFORE ORDERED** that Defendant's request for early termination of supervised release [Doc. No. 1302] is **GRANTED**. Defendant's remaining term of supervised release is hereby terminated, and Defendant is discharged from all terms and conditions of supervision.

**IT IS SO ORDERED** this 17th day of September, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge